FILED

'JAN 0 6 2022

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY
DEP CLK

Distrct Court of The United States
of America

For The Eastern Distrct of North Carolina

Case #_____

Harry Sharod James-El, aka,     —     Claimant / Relator /
Moustapha Sharod Khalifa-El          Third-Party Petitioner

— vs—

People's Republic of China, Wuhan    —    Respondant's / Third-
Institute of Virology in wuhan,          Party Respondant's /
Chinese Communist Party (C.C.P)      Defendants

## Motion For Appointment of Assistance of Counsel

Now, Comes Harry Sharod James-El, aka, Moustapha Sharod Khalifa-El, inpropria persona, Claimant / Relator / Third- Party Petitioner moves this Motion for Appointment of Assistance of Counsel, Pursuant to 28 u.s.c.A 1915 (a).

In Support of this motion I aver:

1) Claimant/Relator/Third-Party Petitioner is unable to afford Counsel.

2) His imprisonment will greatly limit his ability to litigate. The issues involved in this International Human Rights Civil Tort will require Significant research and investigation. He do not have access to the internet, while all Respondants have Unlimited Resources at their fingertips. This Civil Tort will qualify as an exceptional case for appointment of Counsel. Cook v. Bounds, 518 F.2d 779, 780 (4th cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th cir. 1984). "If it is apparent...that a pro se litigant has a colorable claim, but, lacks capacity to present it, the district Court Should appoint Counsel to assist him." Gordon v. LeeKe, 574 F.2d 1147, 1153 (4th cir. 1978).

3) He is a laity at law.

4) He has no access to a law Library/Law, Legal Service that is effective, meaningful and adequate.

5) Pursuant to Wolff v. McDonell, 418 u.s. 539 (1974)- Finding no reasonable distinction between civil rights Suits and habeas Corpus (which is civil in nature) actions, the Supreme Court held that legal assistance must be provided for both, under the rule of Johnson v. Avery, 393 u.s. 483 (1969)

6.) This case will likely involve conflicting testimony and Counsel will better enable Claimant/Relator/Third-Party Petitioner, to present evidence, and Cross examine witnesses.

7.) Claimant/Relator/Third-Party Petitioner, does not Speak any language but American English, while respondant, might not Speak any other language than their native tongue.

For the Foregoing reason assistance of Counsel must be appointed in this case to assist Claimant/Relator/Third-Party Petitioner Harry Sharod James-El, aka, Moustapha Sharod Khalifa-El.

I Harry Sharod James-El, aka, Moustapha Sharod Khalifa-El, Claimant/Relator/Third-Party Petitioner, affirm under the penalty of perjury that the Foregoings are True and Correct upon Information and Belief. So Help me Almighty God Allah.

This 2nd day of January 2022

\s\ _Without prejudice_
Harry Sharod James-El
OPUS#1211724
P.O. BOX 506
Maury, NC 28554