IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3007-D

HARRY SHAROD JAMES-EL, )
)
Plaintiff, )
)
v. ) **ORDER**
)
PEOPLES' REPUBLIC OF )
CHINA, et al., )
)
Defendants. )

On January 5, 2022, Harry Sharod James-El ("James-El" or "plaintiff"), a state inmate proceeding pro se, filed a "Human Rights International Tort" [D.E. 1]. James-El seeks leave to proceed in forma pauperis [D.E. 8]. The court grants James-El's motion to amend [D.E. 3] and reviews all of his filings. James-El has also filed motions objecting to a filing fee[1] and assignment of a magistrate judge to his case, and for appointment of counsel [D.E. 4–6].

Citing the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605, and the Eighth Amendment, James-El alleges that defendants "acted with deliberate indifference to prevent the spread of the coronavirus (COVID-19)," which James-El contracted in prison in "2019 or 2020[.]" [D.E. 1] 2. James-El "still face[s] an immenent [sic] injury of catching a different variant of the virus" which "can also take [his] life." Id. 2–3. James-El alleges that he "suffered while being in prison, because [he] could not get a job" due to COVID-related lockdowns. [D.E. 3] 2. James-El seeks trillions of dollars in "American Tender" and declaratory and injunctive relief. [D.E. 1] 3–4.

---

[1] The court denies the motion as frivolous. See James-El v. United States, No. 1:20-CV-762, 2020 WL 7028926, at *2 (M.D.N.C. Nov. 10, 2020) (unpublished), report and recommendation adopted, 2020 WL 7024883 (M.D.N.C. Nov. 30, 2020) (unpublished).

The Prison Litigation Reform Act's ("PLRA") three-strikes provision allows the court to dismiss a prisoner's action if the prisoner has not paid his filing fees and "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Blakely v. Wards, 738 F.3d 607, 610–11 (4th Cir. 2013) (en banc); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). James-El has used his three strikes. See James-El, 2020 WL 7028926, at *3; James v. Cooper, No. 5:19-CT-3029-BO, 2020 WL 4917642, at *6 (E.D.N.C. Aug. 7, 2020) (unpublished), aff'd, 860 F. App'x 40 (4th Cir. 2021) (per curiam) (unpublished), cert. denied, 142 S. Ct. 799 (2022); James-El v. People's Republic of China, No. 1:20-CV-517, 2020 WL 3619870, at *2 (M.D.N.C. June 12, 2020) (unpublished), report and recommendation adopted, 2020 WL 3618961 (M.D.N.C. July 2, 2020) (unpublished).

To avoid dismissal and proceed without prepayment of the filing fee, James-El must show that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished); Smith v. Mayes, 358 F. App'x 411, 411–12 (4th Cir. 2009) (per curiam) (unpublished); Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson, 200 F. App'x at 272. Rather, the inmate must make "specific fact allegations

2

of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

James-El fails to allege plausibly that he is presently under imminent danger of serious physical injury. Thus, James-El has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.

Alternatively, the court dismisses this action as frivolous. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to [section] 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (citations omitted); see I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). James-El previously filed a "Human Rights Tort Claim" against The People's Republic of China "under 28 U.S.C. § 1605(a)(5) of the Sovereign Immunities Act based on an allegation that Defendants' failure to control the virus violated the Universal Declaration of Human Rights." James-El, 2020 WL 3619870, at *2. James-El attempts to assert the same frivolous legal theories in this court. Thus, the complaint is frivolous.

In sum, the court GRANTS plaintiff's motion to amend [D.E. 3], DISMISSES plaintiff's complaint as frivolous [D.E. 1, 3], DENIES plaintiff's application to proceed in forma pauperis [D.E. 8] under 28 U.S.C. § 1915(g), and DENIES plaintiff's remaining motions [D.E. 4–6]. The clerk shall close the case.

SO ORDERED. This 4 day of March, 2022.

James Dever

JAMES C. DEVER III
United States District Judge

3